# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:08 cr 63-2 - 1:08 cr 63-4
## 1:08 cr 63-6 - 1:08 cr 63-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| 2) EVER SANTIAGO SANTOS DE LA CRUZ, ) | |
| 4) PEDRO FREY HUERTA, ) | |
| 6) NICHOLAS HUERTA OCHOA, and ) | |
| 8) LAURA HERNANDEZ ROMERO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

THIS MATTER came on to be heard before the undersigned, pursuant to a Notice of Appearance (#42) filed by Gregory A. Newman, attorney of Hendersonville, NC giving notice of his appearance as attorney for the defendant Ever Santiago Santos De La Cruz, a motion (#41) filed by Mr. Newman to withdraw as appointed counsel for the defendant Pedro Frey Huerta and a Notice of Appearance (#43) of Mr. Newman on behalf of the defendant Nicholas Huerta Ochoa. It appearing at the call of this matter on for hearing that Clinton L. Rudisill, attorney of Marshall, NC who had been appointed to represent Mr. DeLa Cruz, was not present. Mr. Newman, who had been appointed to represent Pedro Frey Huerta, was present and that attorney Renae Alt-Summers of Hendersonville, NC had filed a Notice of Appearance (#33) giving notice that she had been retained to represent the defendant

Pedro Frey Huerta and that Ronald C. True, attorney of Asheville, NC who had been appointed to represent the defendant Nicholas Huerta Ochoa, was present. Also present was Jason Hayes, attorney of Hendersonville, NC who had been appointed to represent the defendant Laura Hernandez Romero.

From a preliminary review of these files, there appeared to be a potential for a conflict of interest to exist in regard to the representation by Mr. Newman of Mr. DeLa Cruz and Mr. Ochoa in that they were co-defendants with each other. A further conflict of interest appeared to exist due to the fact that Mr. Newman had been appointed to represent, and had appeared on behalf of, Mr. Huerta. Finally, a third conflict of interest appeared to exist due to the fact that Mr. Hayes and Mr. Newman may have been law partners at the time Mr. Hayes was appointed to represent Ms. Romero. From the records in this cause and the arguments presented by Tom Ascik, Assistant United States Attorney and from Mr. Newman and Mr. Hayes, the court makes the following findings:

**Findings.** On May 16, 2008 a Criminal Complaint was issued in which the defendants Pedro Frey Huerta, Nicholas Huerta Ochoa, Laura Hernandez Romero and Ever Santiago Santos De La Cruz were charged with conspiracy to possess with intent to distribute methamphetamine, a schedule II controlled substance. At the initial appearance hearing for the defendants, each defendant requested the appointment of

2

counsel. After considering the affidavits filed by each defendant, the undersigned found that Mr. De La Cruz, Mr. Huerta, Mr. Ochoa and Ms. Romero were each indigent and directed that the Federal Defenders Office appoint counsel for them. Clinton L. Rudisill, attorney of Marshall, NC was appointed to represent Mr. De La Cruz. Mr. Newman was appointed to represent Pedro Frey Huerta; Ronald C. True, attorney of Asheville, NC was appointed to represent Mr. Ochoa and Jason Hayes, attorney of Hendersonville, NC was appointed to represent the defendant Laura Hernandez Romero. Each counsel appeared before the undersigned and stated that each individual client wished to waive a preliminary hearing. Each counsel requested that the detention hearing for each defendant be continued and each defendant was detained pending a request for a detention hearing. On June 3, 2008 a bill of indictment was issued in which Mr. De La Cruz, Mr. Huerta, Mr. Ochoa and Ms. Romero were all indicted, along with other defendants and charged with conspiracy to possess with intent to distribute methamphetamine and a separate count of knowingly and intentionally using a communication facility in facilitating the conspiracy.

On June 9, 2008, Mr. Newman filed a Notice of Appearance (#42) for Mr. De La Cruz and a Notice of Appearance (#43) for Mr. Ochoa and a Motion to Withdraw as Counsel (#41) for Mr. Huerta. In the motion to withdraw, Mr. Newman referenced

that he was a member of the law firm of Blanchard, Newman & Hayes, which included Jason Hayes, who was the attorney appointed to defend Ms. Romero. After examining the files in this matter and before the arraignment, the undersigned was of the opinion that Rule 44(c) of the Federal Rules of Criminal Procedure should be followed by the court to investigate whether or not there was a joint representation and a conflict of interest that might exist in regard to the representation proposed by counsel in this matter.

The undersigned first addressed the case involving Ms. Romero and advised Ms. Romero of her right to a conflict free representation and the importance of such a conflict free representation. Mr. Hayes and Mr. Newman told the undersigned that their partnership had been dissolved in March of 2008 and Mr. Hayes had, from that time, practiced law as a sole practitioner in Hendersonville, NC. Mr. Hayes assured the court there was not any type of conflict of interest that could now exist in regard to his representation of Ms. Romero. The court finds that Mr. Hayes can provide an independent and conflict free representation for Ms. Romero.

The undersigned then conducted a further hearing and advised Mr. De La Cruz, Mr. Huerta and Mr. Ochoa of their rights to a conflict free representation. After advising them as to their right to effective assistance of counsel, which included separate representation by an attorney for each defendant, Mr. Huerta told the undersigned that he did not object to Mr. Newman being allowed to withdraw from

his case, even though Mr. Newman had represented him previously in the same case. He also stated that he did not object to Mr. Newman representing Mr. De La Cruz or Mr. Ochoa. Mr. De La Cruz and Mr. Ochoa told the court that they would waive their right to a conflict free representation. Both Mr. De La Cruz and Mr. Ochoa desired that Mr. Newman represent them jointly in the case. During questioning by the undersigned the court discovered each one of these three defendants are related to each other by either blood or marriage with one being a cousin of another and one being the brother-in-law of another. None of the defendants presented any written document certifying an informed consent to the representation proposed by the defendants and Mr. Newman.

**Discussion.** Rule 44 of the Federal Rules of Criminal Procedure provides as follows:

>   (c)     **Inquiry Into Joint Representation.**
>
>   (1)    Joint Representation.  Joint representation occurs when:
>
>   (A)    two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
>   (B)    the defendants are represented by the same counsel, or counsel who are associated in law practice.
>
>   (2)    Court's Responsibilities in Cases of Joint Representation.
>
>   The court must promptly inquire about the propriety of joint representation and must personally advise each

> defendant of the right to the effective assistance of counsel,
> including separate representation. Unless there is good
> cause to believe that no conflict of interest is likely to arise,
> the court must take appropriate measures to protect each
> defendant's right to counsel.

The factual situation circumscribed by Rule 44(c) of the Federal Rules of Criminal Procedure exists in this case. The defendants De La Cruz and Ochoa have now both retained Mr. Newman to represent them. Both Mr. De La Cruz and Mr. Ochoa had been charged jointly. If Mr. Newman was allowed to represent those defendants, they were going to be represented by the same attorney creating a conflict of interest and a lack of independent effective counsel. To further complicate the matter, Mr. Newman has been representing Mr. Huerta and thus could have received from Mr. Huerta either confidential documents or information which would add to the conflict of interest in this matter. This court painstakingly reviewed each of the rights regarding a conflict free representation with Mr. De La Cruz, Mr. Huerta and Mr. Ochoa. Mr. Huerta told the undersigned that he did not object to Mr. Newman being allowed to withdraw and for Mr. Newman to be allowed to represent Mr. De La Cruz and Mr. Ochoa. Mr. De La Cruz and Mr. Ochoa both wanted Mr. Newman to represent them despite the fact that they would clearly not receive a conflict free representation. As a result, the undersigned is faced with a balancing of a right of a defendant to be represented by counsel of his choice with the fact there would clearly

be an actual conflict of interest caused by Mr. Newman's representation by his proposed withdrawal from representation of Mr. Huerta and his proposed representation of both Mr. De La Cruz and Mr. Ochoa. The Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire or who is willing to represent the defendant, even though he is without funds. <u>U.S. vs. Gonzalez-Lopez</u>, 548 U.S. 140 (2006) However, there are limitations upon such a right and a court may decline a proffer of a waiver of right to a conflict free representation and insist that defendants be separately represented. <u>Wheat vs. United States</u>, 486 U.S. 153 (1988) In <u>Wheat</u>, Chief Justice Renquist stated:

> Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial contest when relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials. It is a rare attorney who will be fortunate enough to learn the entire truth from his own client, much less be fully apprised before trial of what each of the government's witnesses would say on the stand. A few bits of unforeseen testimony or a single previously unknown or unnoticed document may significantly shift the relationship between multiple defendants. These imponderables are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics.
>
> For these reasons, we think the district court must be allowed substantial latitude in refusing waivers of conflict of interest, not only in those rare

cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential conflict exist which may or may not burgeon into an actual conflict as the trial progresses.

Rule 1.7 of the North Carolina Rules of Professional Conduct states as follows:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists it:

(1) the representation of one client will be directly adverse to another client; or
(2) the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

It appears to the undersigned, without any doubt, that numerous and multiple conflicts of interest exists in regard to the representation proposed by Mr. Newman and the defendants in this case. To allow Mr. Newman to represent Mr. De La Cruz and Mr. Ochoa and withdraw from the representation of Mr. Huerta has the potential

to cause all three defendants multiple problems with the effective assistance of counsel as this case progressed. These conflicts of interest must be addressed now to prevent future problems with the representation of the defendants. The undersigned is of the opinion that the only way that the rights of each defendant to a conflict free representation can be protected is by entering an order which provides that each defendant must be represented by completely independent counsel. Only by taking such action can the rights of each defendant be adequately protected .

Nothing in this Order should be construed as in any way impinging upon the competence, integrity or personal ability of Mr. Newman whom this court holds in its highest regard. Mr. Newman is an attorney of excellent abilities. However, the conflicts of interest in this matter that already exist will, in the opinion of the undersigned, only magnify in the future. To protect each defendant, the undersigned will enter an order providing for independent counsel for all three defendants.

## ORDER

IT IS, THEREFORE, **ORDERED** that:

1) The Motion to Withdraw (#41) filed by Mr. Newman to withdraw as counsel for the defendant Pedro Frey Huerta is hereby **ALLOWED.** Attorney Renae Alt-Summers who has filed a Notice of Appearance on behalf of Mr. Huerta shall continue to represent him in this matter unless the defendant retains other

independent counsel;

2) The Notice of Appearance (#42) of Mr. Newman on behalf of the defendant Ever Santiago Santos De La Cruz is hereby **DENIED** and it is **ORDERED** that Mr. Rudisill shall continue to represent the defendant De La Cruz in this matter unless the defendant retains other independent counsel; and

3) The Notice of Appearance (#43) filed by Mr. Newman on behalf of the defendant Nicholas Huerta Ochoa is hereby **DENIED** and it is **ORDERED** that Mr. True shall continue to represent the defendant in this matter unless the defendant retains other independent counsel.

Signed: June 23, 2008

Dennis L. Howell
United States Magistrate Judge